**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CURTIS EADY**                                                                                          **PLAINTIFF**

**V.**                                                                       **CAUSE NO. 3:16-CV-790-CWR-FKB**

**PASCHALL TRUCK LINES, INC.;**                                                            **DEFENDANTS**
**DANIEL ROBERT HERZOG**

**ORDER**

Before the Court is the plaintiff's motion to remand. Docket No. 3. The matter is fully briefed and ready for adjudication.

**I.      Factual and Procedural History**

Curtis Eady alleges that on September 14, 2013, he was injured in a vehicular accident while parked at a gas station in Jackson, Mississippi. He filed this suit in Mississippi state court against Daniel Herzog and Paschall Truck Lines, who are the driver of the other vehicle and the driver's employer, respectively.

Eady is a Florida resident. Herzog is a resident of Michigan. Paschall Truck Lines is a Kentucky corporation.

The defendants removed the suit here. They asserted that this Court has diversity jurisdiction over the controversy because Eady's claim is worth more than $75,000 and the parties are citizens of different states.

Eady now asks that the case be remanded. He observes that diversity jurisdiction exists so that an out-of-state defendant may avoid any favoritism a state court may show an in-state plaintiff. Since there is no in-state plaintiff here, Eady says, there is no possibility of state court favoritism toward any party, and the case belongs in state court.

**II.     Law**

The diversity jurisdiction statute is familiar. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Cases brought under this statute require "complete diversity." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (quotation marks and citation omitted).

Removal jurisdiction is equally familiar. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In other words, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**III.    Discussion**

Eady's purposivist approach has a certain appeal.[1] The Fifth Circuit has agreed that "the purpose of diversity jurisdiction . . . is to protect out-of-state defendants from local bias, the proverbial 'home cooking.'" *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "The Framers of the Constitution, according to [Chief Justice John] Marshall,

---

[1] "For purposivists, the relevant context for the interpretation of statutes is . . . their 'policy context,' involving evidence of the demonstrable and likely aims of the presumptively reasonable legislators who enacted a provision in the first place." Richard H. Fallon, Jr., *Three Symmetries Between Textualist and Purposivist Theories of Statutory Interpretation—and the Irreducible Roles of Values and Judgment Within Both*, 99 Cornell L. Rev. 685, 704 (2014) (citation omitted).

entertained 'apprehensions' lest distant suitors be subjected to local bias in State courts, or, at least, viewed with 'indulgence the possible fears and apprehensions' of such suitors." *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 111 (1945) (citation omitted); s*ee also Browne v. Hartford Fire Ins. Co.,* 168 F. Supp. 796, 797 (N.D. Ill. 1959) ("The purpose of removal legislation is to give a non-resident defendant who has been unwillingly brought into a State court[] the right to remove to the presumably unprejudiced forum of the Federal court.").

Despite this history, the diversity and removal statutes do not require a federal court to remand an otherwise diverse case solely because none of the parties are in-state residents. Nor has Eady pointed to any authority saying as much.

The defendants, in contrast, have pointed to several cases in which Mississippi's federal courts had diversity jurisdiction notwithstanding the lack of an in-state party. *E.g.*, *Cutrera v. Churchill Downs, Inc.*, No. 4:14-CV-72-SA-JMV, 2014 WL 4674067, at *2 (N.D. Miss. Sept. 18, 2014) ("[C]omplete diversity[] is satisfied, as Plaintiff is a Louisiana citizen and both Defendants are Kentucky citizens."). Eady asserts that a jurisdictional battle was not joined in those cases and that they are distinguishable on their facts, but the examples are persuasive.

Eady then presses that the legal standard demands "any ambiguities" to be "construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). But there is no ambiguity here. The statutes and their interpretative judicial opinions require the parties to be citizens of different states. The parties to this case are citizens of different states. A strict construction of the statutes supports a finding of diversity jurisdiction.

3

**IV.     Conclusion**

The motion is denied. Within 10 days, the parties shall contact the chambers of the Magistrate Judge to receive a Case Management Order.

**SO ORDERED**, this the 28th day of October, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
